IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **KOLBY STEMBRIDGE, et al.,**<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>**NATIONAL FEEDS, INC., et al.,**<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  1:11CV49DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on the Plaintiffs' Motion for Leave to File Amended Complaint, filed March 1, 2012.  On March 9, 2012, Defendant Rangen, Inc. opposed Plaintiffs' motion, and Plaintiffs replied on March 22, 2012.  Accordingly, the motion is fully briefed.  The court concludes that oral argument would not substantially assist the court in determining the motion.  The court has carefully considered the memoranda and other materials submitted by the parties as well as the law and facts relating to this motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

### DISCUSSION

#### Plaintiffs' Motion to Amend Complaint

　　　　Plaintiffs seek to amend the Complaint to add the product "Reproduction Crumlet" to their strict liability, breach of warranty, negligence, and negligent misrepresentation claims. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  In light of this lenient standard, denial of a motion for leave to amend is

generally only justified upon the showing of "undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

In this case, Plaintiffs' motion is timely brought within the time allowed for amending pleadings set forth in the Scheduling Order for this case. Rangen opposes Plaintiffs' motion only on the ground that the proposed amendment is sought in bad faith. Rangen asserts that Plaintiffs' lack of knowledge claimed in discovery responses precludes Plaintiffs from having the evidentiary support necessary for the claim under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiffs assert that they are seeking the amendment to add the product "Reproduction Crumlet" to their existing claims regarding "Lactation Crumlet" because the parties' have been conducting discovery on the use of both products. The veterinarian who conducted tests on Plaintiffs' mink stated in his deposition that the test results he observed were feed related. Plaintiffs assert that they fed their mink both Lactation Crumlet and Reproduction Crumlet. Therefore, they seek to add Reproduction Crumlet to their existing claims relating to Lactation Crumlet. Plaintiffs state that they are currently negotiating protocol for testing of the two products with counsel, but testing has not yet occurred.

The court does not find the requested amendment to be in bad faith. Despite their vague discovery responses, Plaintiffs have support for their position that the vitamin deficiency was feed related and their mink were given both products. There appears to be a factual dispute

regarding what element of the mink's feed, if any, caused the problems. That dispute does not weigh against granting leave to amend the Complaint. Plaintiffs appear to have the same claim with respect to Reproduction Crumlet as they have already asserted for Lactation Crumlet. The lack of specificity in Plaintiffs' discovery responses does not appear to be a basis for finding bad faith in seeking to amend their Complaint and appears to be something Plaintiffs can rectify when the parties conduct testing on both products. Moreover, addition of the second product creates no apparent problem with delay in this case because the parties have already conducted discovery on the use of the product. Given the liberal standard provided in Rule 15(a) for amending pleadings, Plaintiffs have adequately met their burden for amendment. Therefore, the court grants Plaintiffs' motion for leave to amend.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to Amend Complaint is GRANTED. The Court orders Plaintiffs to file their Amended Complaint in the form of the Amended Complaint attached to their motion to amend within ten days of the date of this Order.

DATED this 4th day of April, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge