IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KOLBY STEMBRIDGE, individually and dba KOLBY STEMBRIDGE MINK RANCH, GLAYDE W. STEMBRIDGE, individually and dba GLAYDE'S MINK RANCH, GWS HOLDINGS, LLC, a Utah limited liability company, WENDALL STEMBRIDGE, individually and GW FUR FARM, LLC, a Utah limited liability company,<br><br>                      Plaintiff,<br>v.<br><br>NATIONAL FEEDS, INC., an Ohio corporation; RANGEN, INC., an Idaho corporation; RALCO NUTRITION, INC., a Minnesota corporation; and ZINPRO CORPORATION, a Minnesota corporation, and DOES I through V,<br>                      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE AMENDED SCHEDULING ORDER<br><br>Case No. 1:11-cv-0049<br><br>District Judge Kimball<br><br>Magistrate Judge Brooke Wells |

This matter is before the Court on Plaintiffs Kolby Stembridge individually and dba Kolby Stembridge Mink Ranch, Glayde W. Stembridge individually and dba Glayde's Mink Ranch, GWS Holdings, LLC, Wendell Stembridge, and GW Fur Farm, LLC's (hereinafter referred to as "Plaintiffs") Motion to Amend the Amended Scheduling Order to Extend the Fact Discovery Deadline and the Deadline to Submit Expert Reports.[1]  Defendants Rangen, Inc. and Ralco Nutrition, Inc. (collectively referred to as "Defendants") filed responses in opposition to the instant motion on June 22, 2012[2] and June 28, 2012.[3]  As of the date of this decision, no other Defendants elected to file a response.  Plaintiffs filed a Reply Memorandum and a Request to

---

[1] Docket No. 61.

[2] Docket No. 65.

[3] Docket No. 66.

Submit for Decision on July 3, 2012.[4] As set forth more fully below, the Court GRANTS Plaintiffs' motion and extends the fact discovery and deadlines for expert reports[5].

## BACKGROUND

Plaintiffs commenced this lawsuit on April 1, 2011. The original Scheduling Order was entered on June 6, 2011[6] and was amended on March 2, 2012.[7] A little over a month later on April 11, 2012 an Amended Complaint was filed.[8] Plaintiffs have brought claims against the Defendants (including Defendants National Feeds, Inc. and Zinpro Corporation and Does 1 through IV) for the sale of mink feed that allegedly caused the Plaintiffs to suffer a loss of mink.[9] Two forms of feed are at issue, Reproduction Crumlets and Lactation Crumlets.[10]

The Reproduction Crumlet has been tested but the Lactation Crumlet has not been tested by experts yet.[11] The only sample of the Lactation Crumlet is in the possession of Defendant Rangen.[12] The Lactation Crumlet has not been tested because the existence of the only remaining sample of the crumlet (which is rather small) was not made known to the Plaintiffs until January 17, 2012.[13] Also, according to Plaintiffs "[t]he small size of the Lactation sample has presented significant problems...[and]…given the conditions and restrictions proposed by Rangen, it has been very difficult to coordinate the tests performed that would be most likely to

---

[4] Docket No. 67.

[5] As a result of the Court's granting of the current motion and the extension of both the fact discovery and expert reports deadline, other deadlines were also amended. The dates included in this Order were chosen by the Court in order to accommodate the current trial date that has previously been set.

[6] Docket No. 19.

[7] Docket No. 33.

[8] Docket No. 44.

[9] Docket No. 65 at 2.

[10] Id.

[11] Docket No. 62 at 5.

[12] Id.

[13] Docket No. 65 at 4.


produce usable quality and content of the crumlets or their ingredients."[14] However, according to the memorandum of both parties pertaining to this motion, the parties have apparently agreed to exchange half of the only remaining sample of Lactation Crumlet in order to perform their respective tests.[15] This agreement was reached after Defendant Rangen's initial refusal to exchange the sample of the Lactation Crumlet unless the Plaintiffs agreed to limit their theories of liability.[16] Thus, in order for the Lactation Crumlet to be exchanged, tested, evaluated by their causation expert and a report to be drafted, Plaintiffs have requested the fact discovery and deadline to submit expert reports be extended to August 1, 2012.[17]

## DISCUSSION

Plaintiffs ask this Court to extend the fact discovery deadline and the deadline for Plaintiff's expert reports. Defendants are not contesting the extension of the fact discovery deadline. Thus, the only issue that remains is whether the Court ought to extend the deadlines for expert witness reports.

Plaintiffs assert that extensions are warranted because despite diligent attempts, Plaintiffs have not obtained access to the Lactation Crumlet sample from Defendant Rangen in order for the sample of the Lactation Crumlet to be tested or evaluated by their causation expert. Plaintiffs wish to have that sample tested before its causation expert's report is due. Further, Plaintiffs assert that there has been a delay in getting the Lactation Crumlet tested because Defendants initially would not allow for the sample to be tested unless the Plaintiffs agreed to limit their

---

[14] Docket No. 62 at 5 and 67 at 5.

[15] Docket No. 62 at 5; Docket No. 65 at 5.

[16] Id. At 4.

[17] As previously indicated in footnote number 5, dates beyond what was requested by the parties have been selected by the Court. The Court is not completely confident that the dates selected by the Plaintiff will allow for enough time for the Lactation Crumlets to be exchanged, tested and a report with findings completed. Accordingly, the Court has extended deadlines in order for the parties to have adequate time to get the necessary discovery completed and maintain the trial date in this case.

theories of liability and the size of the only sample of the Lactation Crumlet that is available is only large enough to allow for a limited number of tests. In order to decide which tests need to be conducted, Plaintiffs assert that they have been in discussions with experts in order to decide which tests to conduct on the sample size that will be made available to them.

Defendants, for their part oppose this motion because they believe that the Plaintiff has not shown good cause to extend the deadline because they believe that the Plaintiffs have failed "to pursue available means to identify the alleged defect in the feed in this case."[18] Defendants also assert that if the deadline is extended it should be limited to supplementation of the Plaintiffs' expert report to allow for the incorporation of the sample of the Lactation Crumlet's testing results. Defendants also request that if the Motion is granted that the time for their expert reports be extended as well.

The Court agrees with the Plaintiff's arguments. There is no justifiable reason for the Plaintiffs to have to limit their theories of liability in order to obtain the only remaining sample of the Lactation Crumlet to be tested by its experts. Further, the Court is particularly persuaded by the Plaintiffs argument that the causation expert's report should include the sample test results of the Lactation Crumlet. Supplementation of such report is neither efficient nor sensible. The Plaintiff's expert should have access to all available potentially relevant data before drafting his report. However, in the interest of fairness the Court will allow for an extension of the date of the Defendants reports as well.

---

[18] Docket No. 65 at 6.

## ORDER

For the foregoing reasons, Plaintiffs' Motion to Amend the Amended Scheduling Order to Extend the Fact Discovery Deadline and the Deadline to Submit Expert Reports[19] is HEREBY GRANTED.  Further, Defendants are to exchange the halved sample of the Lactation Crumlet immediately to Plaintiffs (if they have not done so already) so that testing of the sample and expert analysis can take place as soon as possible.

In accordance to the Court's order, The Scheduling Order is hereby AMENDED as follows[20]:

**4.    Rule 26(a)(2) REPORTS FROM EXPERTS[21]**

    **a.    Plaintiff**                                                                                  8/20/2012

    **b.    Defendant**                                                                             9/17/2012

    **c.    Counter reports**                                                                    10/1/2012

**5.    OTHER DEADLINES**

    **a.**    Discovery to be completed by:

        **Fact Discovery**                                                                      8/20/2012

        **Expert Discovery**                                                                 10/1/2012

    **c.    Deadline for filing dispositive or potentially dispositive motions**                                                  10/1/2012

**6.    SETTLEMENT/ADR**

    **c.    Evaluate case for Settlement/ADR on**                       10/1/2012

---

[19] Docket No. 61.

[20] All other dates contained within the current Scheduling Order (Docket No. 33) not amended herein shall remain the same.

[21] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

DATED this 13th day of July, 2012.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Brooke C. Wells
　　　　　　　　　　　　　　　　United States Magistrate Judge